UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES C. BAKER, | ) | Case No. 2:14-cv-0197-GMN-NJK |
| Plaintiff(s), | ) ) | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY |
| vs. | ) ) | |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | ) ) ) | (Docket No. 22) |
| Defendant(s). | ) ) | |

Pending before the Court is Defendant's motion to stay discovery. Docket No. 22. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 27, 29. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, Defendant's motion to stay discovery is hereby **GRANTED** in part and **DENIED** in part.

**I.    STANDARDS**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the

merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

## II. ANALYSIS

Defendant's motion to stay is premised on two separate motions, a motion for summary judgment and a motion to dismiss. The Court addresses each in turn.

### A. Motion for Summary Judgment

Defendant argues that a stay of discovery should be imposed until its pending motion for summary judgment can be resolved. Defendant's motion for summary judgment argues that all of Plaintiff's claims fail because Plaintiff did not sufficiently cooperate with Defendant in investigating his claim for underinsured motorist benefits. *See* Docket No. 19; *see also* Docket No. 30 (reply brief). Plaintiff opposed the motion by arguing that, *inter alia*, the provision requiring cooperation is vague and Plaintiff did sufficiently cooperate in the investigation. *See* Docket No. 28 at 9-18. Having reviewed all of the briefing submitted on the motion for summary judgment, the Court concludes that it does not provide a basis for staying discovery in this case.

Most significantly, the Court has taken a preliminary peek at the motion for summary judgment and is not convinced that it will be granted. While Defendant has presented some substantial arguments in favor of summary judgment, some authority supports Plaintiff's position in opposition. *Cf. Barrera v. Western United Insurance Co.*, 2012 WL 359748, *5 (D. Nev. Feb. 2, 2012) (denying motion for summary judgment despite failure to provide "full cooperation" in investigating claim because denying claims outright on that basis would be "too harsh under the facts of this case"). It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail,

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the dispositive motion may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4). Because the Court is not convinced that the motion for summary judgment will be granted, the Court finds unpersuasive Defendant's arguments that all discovery should be stayed pending resolution of that motion.

### B. Motion to Dismiss

Defendant also filed a motion to dismiss. Docket No. 15. As an initial matter, the Court notes that this motion is not potentially case-dispositive because it challenges only the second, third and fourth claims brought by Plaintiff. *See id.* Accordingly, the motion can only form the basis of staying discovery related solely to those three claims and cannot form the basis of staying discovery as to Plaintiff's breach of contract claim. *See, e.g.*, *Tradebay*, 278 F.R.D. at 602 (the pending motion must be potentially case-dispositive "or at least dispositive on the issue on which discovery is sought").

The Court finds that the motion to dismiss can be decided without additional discovery.

Lastly, the Court has taken a preliminary peek at the motion and is convinced that Plaintiff will be unable to state a claim with respect to his second, third and fourth claims. Defendant argues that the complaint fails to include sufficient factual allegations supporting these claims. *See* Docket No. 15; *see also* Docket No. 18 (reply). For example, Defendant argues that the bad faith claim is supported by only conclusory allegations. *See, e.g.,* Docket No. 15 at 4-5. Plaintiff filed a response arguing that, *inter alia*, he will not have access to facts supporting these claims until discovery commences and the facts as pled are a sufficient short, plain statement to survive a motion to dismiss. *See* Docket No. 17 at 5-8. Having reviewed all of the briefing on the motion to dismiss, the Court is convinced that Plaintiff will be unable to state a claim with respect to his second, third and fourth claims.

Accordingly, the Court finds that a stay of discovery is appropriate pending resolution of the motion to dismiss with respect to discovery directed only at the second, third and fourth claims.

### III. CONCLUSION

For the reasons discussed more fully above, Defendant's motion to stay discovery is hereby **GRANTED** in part and **DENIED** in part. The parties shall immediately commence discovery on

1  Plaintiff's breach of contract claim, but discovery directly solely at the second, third, and forth claims
2  is hereby stayed.  <u>In accordance with the Court's rulings above, the parties shall submit a joint proposed</u>
3  <u>discovery plan no later than June 11, 2014.</u>  In the event that the motion to dismiss is not granted in full,
4  the parties shall file an amended joint proposed discovery plan within 7 days of the order resolving the
5  motion to dismiss.
6        IT IS SO ORDERED.
7        DATED: May 28, 2014

                                                    NANCY J. KOPPE
                                                    United States Magistrate Judge